■ In the Matter of JAMES C. BRETTON, Petitioner, v STATE OF NEW YORK et al., Respondents. [741 NYS2d 859] —Determina-

tion of respondent Commissioner of the Department of Labor, dated July 10, 2001, suspending petitioner from his position as a senior administrative law judge for 60 days without pay, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Bruce Allen, J.], entered October 31, 2001), dismissed, without costs.

No basis exists for disturbing respondent's finding that the questions put by petitioner to the claimant in an unemployment insurance hearing, ostensibly to probe the credibility of her claim that she had been sexually harassed in her employment and therefore had good cause for leaving it, went far beyond the range of relevancy to petitioner's fact-finding duties. Such duties did not include "a sexual harassment inquiry of the type one would find before EEOC or DHR," and otherwise were so unnecessarily detailed and repetitive as to cross the line of appropriate questioning and constitute misconduct (*see,* *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180-181). We have considered and rejected petitioner's other arguments, including that he was denied due process and that the penalty is excessive. Concur—Mazzarelli, J.P., Sullivan, Ellerin, Wallach and Gonzalez, JJ.